# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

No. 4:13-CV-155-F

| | | |
|---|---|---|
| ANTHONY MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER AND MEMORANDUM |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| N.C. GENERAL ASSEMBLY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the application to proceed *in forma pauperis* and complaint of Plaintiff Anthony McNair ("Plaintiff") pursuant to 28 U.S.C. § 1915(a), (e)(2)(B). [DE-1]. A litigant may commence an action in federal court *in forma pauperis* if he files an affidavit, in good faith, stating that he is unable to pay the costs of the lawsuit. *See* 28 U.S.C. § 1915(a). Nothing in the record suggests that Plaintiff's affidavit is inaccurate or submitted in bad faith. Accordingly, it appears that Plaintiff satisfies the financial requirements for *in forma pauperis* status and the motion is allowed. However, for the reasons set forth below, this court recommends that the complaint be dismissed for failure to state a claim.

## I. BACKGROUND

### A. **Plaintiff's Complaint**

On June 20, 2013, Plaintiff filed a 3-page *pro se* complaint form completed in handwriting. [DE-1-1]. In it, Plaintiff names as Defendant the North Carolina General Assembly ("Defendant"). The wrongdoing complained of in the complaint is that Defendant "violated the North Carolina Constitution, that is in line and agreement with the United States Constitution and North Carolina

General Statutes." *Id.* at 2. Plaintiff seeks "[i]mmunity and [l]iberty" as relief. *Id.* at 3. Plaintiff also filed a handwritten 4-page affidavit entitled "Affidavit Testimony of Anthony McNair" ("affidavit"). [DE-1-2]. Several other attachments were filed by Plaintiff in support of his complaint, including the following: (1) documents related to state criminal charges brought against Plaintiff on or about March 22, 2010[1] [DE-1-3]; (2) a trial transcript and opinion from the North Carolina Court of Appeals related to Plaintiff's arrest and conviction on state criminal charges stemming from a May 15, 2007 incident [DE-1-4]; and (3) state court documents related to state criminal charges occurring before the year 2000 and police database printouts, [DE-1-5].

Despite the numerous pages of filings by Plaintiff, the precise nature of Plaintiff's claims is unclear. Plaintiff cites several North Carolina statutes in conjunction with his filings which address the charging and sentencing of habitual felons, accessories after the fact, and second degree rape. *See* N.C. Gen. Stat. §§ 14-7, -7.3, -7.6, -27.3. Additionally, Plaintiff's affidavit repeatedly states, with respect to each state criminal proceeding referenced above in the attached filings, that Defendant "allowed its employees to prosecute and deprive," "allowed its employees to prosecute the plaintiff," and "allowed its employees to false accuse, charge, and slander the plaintiff." [DE-1-2] at 2. Plaintiff has previously filed suit in this court with respect to each of these same state court criminal proceedings, albeit with different named defendants, wherein Plaintiff generally alleged these charges and convictions violated his constitutional rights. Essentially, Plaintiff is alleging that Defendant, through its unnamed employees, violated Plaintiff's constitutional rights during three state court criminal proceedings, primarily contending that he was falsely accused and wrongly

---

[1] Plaintiff has also attached in this grouping of state court documents a one page "Dismissal and Notice of Reinstatement" which carries the case number 10-CRS-2818, [DE-1-3] at 3, a case number different from the other two state court documents related to events on March 22, 2010, [DE-1-3] at 1-2.

2

convicted. [DE-1-2] at 2. Plaintiff appears to be asserting a 42 U.S.C. § 1983 claim against Defendant.

## B. Pre-filing Injunction

Plaintiff is a well-known litigant in this court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." *McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 WL 1743478, at *1 (E.D.N.C. May 2, 2011) (collecting cases). As a result, Plaintiff is now under a pre-filing injunction in this district enjoining him from filing: (1) "any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994)"; or (2) "any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." *Id.* The pre-filing injunction prohibits Plaintiff from filing any lawsuit that falls within the specified subject matter and requires Plaintiff to attach a copy of the pre-filing injunction to any complaint that he files regardless of the subject matter.

Plaintiff has attached a copy of the pre-filing injunction to his complaint as required by the order of this court. The undersigned concludes that Plaintiff has complied with the first prong of the pre-filing injunction to the extent Plaintiff contests his state court conviction related to the May 15, 2007 incident which has been invalidated in part by the North Carolina Court of Appeals. *See McNair v. Fitch, et al.*, No. 4:12-CV-192-F, 2013 WL 303986 (E.D.N.C. June 18, 2013) (finding claims plaintiff's claims not subject to the pre-filing injunction); *McNair v. Nash Cnty.*, No. 4:12-CV-112-F, 2012 WL 2935249 (E.D.N.C. July 18, 2012). However, it appears that Plaintiff's complaints related to other state court criminal proceedings are prohibited by the second prong of

3

the pre-filing injunction and should be dismissed pursuant to this court's pre-filing injunction order.

## II. LEGAL STANDARDS

A court must dismiss a case brought *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)).

With respect to the first ground for dismissal, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the complaints of *pro se* plaintiffs are entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

The standard for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same standard set forth in Fed. R. Civ. P. 12(b)(6) and this court will look to cases decided under that rule for the appropriate review standard. Accordingly, a complaint should be dismissed for failing to state a claim only if

4

"it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.* Moreover, civil rights complaints, particularly those filed by *pro se* plaintiffs, are entitled to even greater latitude. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Nonetheless, a civil rights plaintiff may not simply present conclusions, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White*, 886 F.2d at 724. Finally, the remaining ground for dismissal under § 1915, immunity of a defendant, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. ANALYSIS

Irrespective of Plaintiff's compliance with this court's pre-filing injunction order, Plaintiff's complaint fails to state a claim. Plaintiff names the North Carolina General Assembly as the sole Defendant in his complaint. However, the General Assembly is not a proper party defendant in a 42 U.S.C. § 1983 action. *See generally, Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Bullock v. North Carolina General Assembly*, 100 F. App'x 210 (4th Cir. 2004) ("However, to the extent [plaintiff] has stated any potentially viable claims, those claims are not cognizable against the named defendants in a § 1983 action."). Accordingly, Plaintiff's complaint attacking state criminal charges and convictions fails to state a claim.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's underlying complaint be

5

DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 18th day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

6