|                        |   |           |
|------------------------|---|-----------|
| ANTHONY MCNAIR,        | ) |           |
|    Plaintiff, | ) |     |
|                        | ) |           |
| v.                     | ) | O R D E R |
|                        | ) |           |
| N. C. GENERAL ASSEMBLY,| ) |           |
|    Defendant. | ) |     |

This matter is before the court for consideration of United States Magistrate Judge Robert B. Jones, Jr.'s Memorandum and Recommendation ("M&R") [DE-11] on the *pro se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Therein, Judge Jones recommends that Plaintiff's complaint be dismissed in accordance with a pre-filing injunction order against him, and for failure to state a claim. Plaintiff has filed an objection [DE-14] to the M&R, and a "Motion for Service of Summons" [DE-13].

## ANALYSIS

As Judge Jones noted in the M&R, Plaintiff has filed more than a dozen actions in this court, most of which has been dismissed as frivolous. *See McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result of these frivolous lawsuits, Plaintiff is now subject to a pre-filing injunction enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or

recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

In the current action, Plaintiff names the North Carolina General Assembly as the defendant, and appears to be alleging that the North Carolina General Assembly, through its unnamed employees, violated his constitutional rights during three state court criminal proceedings. Although Plaintiff makes reference to 28 U.S.C. § 4101(a), it appears that Plaintiff is actually seeking relief under 42 U.S.C. § 1983.

In the M&R, Judge Jones finds that Plaintiff has failed to satisfy the second prong of the pre-filing injunction order. Additionally, Judge Jones finds that, irrespective of Plaintiff's compliance with the pre-filing injunction order, that the Complaint fails to state a claim. Specifically, Judge Jones observes that the North Carolina General Assembly is not a proper party defendant in a 42 U.S.C. § 1983 action. In his Objection [DE-14], Plaintiff argues, *inter alia*, that the North Carolina General Assembly may be held liable for constitutional violations because it is a "municipality." [DE-14] p. 5.

The court agrees with Judge Jones that the Complaint must be dismissed. Even if the court assumes that the Complaint does not run afoul of the pre-filing injunction, Plaintiff's claim against the North Carolina General Assembly is nevertheless barred by the Eleventh Amendment of the United States Constitution. It is well-settled that "[t]he Eleventh Amendment limits the Article III jurisdiction of the federal courts to hear cases against States . . . ." *Kitchen v. Upshaw*, 286 F.3d 179, 184 (4th Cir. 2002). Although "Eleventh Amendment immunity does not extend to mere political subdivisions of a State such as counties or municipalities . . . the amendment does confer sovereign immunity on an arm of the State." *Id.* (citations omitted). Here, there is no question that the North

2

Carolina General Assembly is an arm of the State of North Carolina, as opposed to a mere political subdivision like a municipality. *See, e.g., Tornheim v. New York State Senate*, 115 F. App'x 482, 484 (2d Cir. 2004) ("[I]t is clear that the New York State Senate and New York State Assembly constitute the legislative branch of the government of the State of New York . . . [and therefore] constitute an arm of the State."); *Hall v. Lousiana*, ___ F. Supp. 2d ___, 2013 WL 5434621, at * 4-5 (M.D. La. Sept. 30, 2013) (determining that a plaintiff's claims against the Louisiana legislature was against an arm of the state of Louisiana). Accordingly, Plaintiff's assertion in his Objection that the North Carolina General Assembly may be held liable because it is a municipality is not well-taken. Additionally, none of the exceptions to Eleventh Amendment immunity apply in this case. *See South Carolina State Ports Auth. v. Federal Maritime Comm'n*, 243 F.3d 165, 169-70 (4th Cir. 2001) (delineating six exceptions to Eleventh Amendment immunity).

Finally, although it appears to the court that Plaintiff actually is seeking relief under § 1983, he does reference 28 U.S.C. § 4101(a) in his filings with this court. There is no subsection (a) of Section 4101 of Title 28 in the United States Code; however, Section 4104(a) addresses the subject of foreign defamation judgments. *See* 28 U.S.C. § 4104(a). This law has no application here, and Plaintiff has failed to state a claim under it.

Accordingly, upon a thorough *de novo* review, the court ADOPTS the M&R to the extent that it finds that Plaintiff has failed to state a claim against Defendant, and Plaintiff's Complaint is DISMISSED.

## CONCLUSION

Upon the court's *de novo* review and for the foregoing reasons, Plaintiff's Complaint is DISMISSED. Any other pending motions are DENIED as moot.

3

SO ORDERED.

This the  17th day of October, 2013.

James C. Fox
Senior United States District Judge

4